JAN 14 2026

KEVIN P WEIMER, Clerk
By: ~~Matthew H~~ Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF GEORGIA

DAVID HENRY,

Plaintiff,

v.

WAYFAIR LLC,

Defendant.

Civil Action No. 1:26-CV-0239

## COMPLAINT AND JURY DEMAND

## NATURE OF ACTION

This is a civil action for damages arising from Defendant Wayfair LLC's unlawful employment discrimination, retaliation, and creation of a hostile work environment based on Plaintiff's race and national origin in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and supplemental state law claims for defamation. Plaintiff seeks compensatory and punitive damages, back pay, front pay, costs, and attorney's fees.

CIVIL COMPLAINT

David Henry
Pro Se

1

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f)(3). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendant operates a facility in Henry County, Georgia, where Plaintiff was employed and where the discriminatory acts occurred.

3. Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission and received a Right to Sue letter dated December 17, 2025. This complaint is filed within ninety days of receipt of that letter.

## PARTIES

4. Plaintiff David Henry is a resident of Spalding County, Georgia. Plaintiff is of mixed race, with Grenadian (Black/Caribbean) and Korean (Asian) heritage.

5. Defendant Wayfair LLC is a Delaware corporation with its principal place of business located at 4 Copley Place, Boston, Massachusetts 02116. Defendant operates a warehouse and distribution facility at 130 Distribution Drive,

CIVIL COMPLAINT

David Henry
Pro Se

McDonough, Georgia 30253, where Plaintiff was employed. At all times relevant to this complaint, Defendant has employed fifteen or more employees and has been an employer within the meaning of Title VII of the Civil Rights Act of 1964.

## FACTUAL ALLEGATIONS

### Employment and Initial Discrimination

6. Plaintiff was employed by Defendant at its McDonough, Georgia facility as a Lift Truck Operator from approximately April 20th, 2025 through October 30th, 2025.

7. Plaintiff is of mixed race, with Grenadian (Black/Caribbean) and Korean (Asian) heritage, and was the only person of mixed Black and Asian descent on his shift.

8. Throughout Plaintiff's employment, Plaintiff was subjected to discriminatory treatment based on his race and mixed-race identity by his supervisors and coworkers, including being assigned the most physically demanding and strenuous work tasks while similarly situated Black, African American, and white employees were given lighter duties.

9. Supervisor Earnest Thomas consistently assigned Plaintiff heavier workloads than Black, African American, and white employees and refused to rotate Plaintiff to less physically demanding positions, despite promoting newly hired African American employees to positions requiring no heavy lifting within weeks of their hire.

10. Upon information and belief, Defendant's work order records and assignment logs will demonstrate a pattern of disparate treatment whereby Plaintiff was systematically assigned more physically demanding tasks than similarly situated Black, African American, and white employees.

## First Complaints of Discrimination

10. On May 8th, 2025, at approximately 8:30 PM, Plaintiff made his first formal complaint to Operations Manager Jeremy Parrish regarding discriminatory treatment by Supervisor Earnest Thomas.

11. On May 9th, 2025, Plaintiff discussed the discriminatory treatment in detail with HR Associate Jada Mears and employee Gideon Asabre.

## Immediate Retaliation and Threats

CIVIL COMPLAINT                                          David Henry
                                                        Pro Se

4

12. Following Plaintiff's protected activity of reporting discrimination, Shift Lead Marlowe Wilkes physically threatened Plaintiff, stating that Plaintiff was "trying to get people fired."

13. Plaintiff did not immediately report this threatening conduct, but subsequent retaliatory actions made clear that this threat was part of a coordinated pattern of retaliation against Plaintiff for reporting discrimination.

### False Allegations and Defamation

14. On June 12th, 2025, Plaintiff was called into a meeting with HR Associate Jada Mears and Supervisor Michael Hart regarding an alleged incident on June 10th, 2025.

15. During this meeting, Plaintiff was informed that a coworker had accused Plaintiff of making racist statements about African Americans. This accusation was particularly absurd and offensive given that Plaintiff himself is of Black/Caribbean heritage through his Grenadian father. However, the allegations were unsettling given that the majority of Plaintiff's coworkers were African American.

16. These allegations were entirely fabricated and false. Plaintiff denied the allegations and disclosed the prior threats from Marlowe Wilkes, as Plaintiff suspected these false allegations were retaliatory in nature.

16a. Upon information and belief, the alleged incident of June 10th, 2025, was captured on Defendant's workplace surveillance video systems, and such video evidence will demonstrate that the allegations against Plaintiff were false.

17. HR Associate Jada Mears instructed Plaintiff not to discuss the incident with anyone else, effectively preventing Plaintiff from defending his reputation and allowing the false allegations to circulate unchallenged.

18. The investigation into these false allegations remained open for weeks and ended with no resolution, leaving the cloud of suspicion hanging over Plaintiff and damaging his reputation among coworkers and management.

19. These false allegations were defamatory and were made with knowledge of their falsity or with reckless disregard for the truth, causing damage to Plaintiff's personal and professional reputation.

**Workplace Injury and Discriminatory Denial of Accommodations**

20. On June 19th, 2025, Plaintiff suffered a workplace injury as a direct result of the excessive and discriminatory workload imposed upon him by Earnest Thomas, Marlowe Wilkes, and Jalen Hammond.

21. On June 20th, 2025, Plaintiff drove himself to the emergency room for treatment of his injury.

22. Plaintiff returned to work on June 23rd, 2025, expecting reasonable accommodation for his injury. However, Gideon Asabre informed Plaintiff that no accommodations were ever made for injured employees and that Plaintiff could not return to work until he had been examined by a physician within Defendant's approved network.

23. As a result, Plaintiff was unable to return to work until July 3rd, 2025, and lost a full week of wages.

24. Upon information and belief, Defendant has accommodated other employees for workplace injuries, including a white employee named Steven Green, who was not only accommodated for his work restrictions but was also promoted during Plaintiff's absence.

CIVIL COMPLAINT                                      David Henry
                                                     Pro Se

7

25. The disparate treatment in denying Plaintiff accommodations while providing them to white and other non-Asian employees constitutes further evidence of discrimination based on race and national origin.

## Continued Harassment and Failure to Investigate

26. Following his return to work, Plaintiff was continually harassed and intimidated by his peers, including the individual who had made the false allegations against him.

27. On July 16th, 2025, this same coworker violated safety regulations by driving a lift truck dangerously close behind Plaintiff while staring him down in an attempt to intimidate him.

28. Plaintiff immediately reported this safety violation and intimidation to Human Resources. Despite the clear safety risk and ongoing harassment, Defendant took no action to address the situation or protect Plaintiff.

## Second Injury and Further Discriminatory Treatment

29. On July 22nd, 2025, Plaintiff nearly collapsed from exhaustion due to the excessive workloads he was being assigned. Plaintiff's previous workplace injury also began to flare up as a result of the continued physically demanding assignments.

CIVIL COMPLAINT                                          David Henry
                                                         Pro Se

8

30. On July 29th, 2025, Plaintiff was provided work restrictions by a physician. Defendant claimed it was unable to accommodate Plaintiff's restrictions.

31. Plaintiff was unable to return to work until August 19th, 2025.

32. Upon information and belief, Defendant routinely accommodates work restrictions for other employees. In particular, white employee Steven Green was placed on work restrictions, was accommodated by Defendant, and was promoted during Plaintiff's absence.

33. The refusal to accommodate Plaintiff while accommodating similarly situated white employees constitutes discriminatory treatment based on race and national origin.

## Written Warning and Performance Sabotage

34. During Plaintiff's first week back to work, Plaintiff was issued a written warning by Supervisor Michael Hart for allegedly being unable to perform his work duties as expected.

35. Plaintiff was told that if he could not perform, termination was likely. This written warning was pretextual and retaliatory, as Plaintiff's performance issues were a direct result of the discriminatory workload assignments and denial of reasonable accommodations for his workplace injury.

CIVIL COMPLAINT                                                David Henry
                                                               Pro Se

36. Plaintiff applied for a promotion but was denied. Upon information and belief, Earnest Thomas and Jalen Hammond sabotaged Plaintiff's work performance and discriminated against him to prevent his advancement.

37. During this same period, Supervisor Earnest Thomas promoted newly hired Black and African American employees who had been working at the facility for only weeks, transferring them to positions requiring no heavy lifting whatsoever.

38. Plaintiff, as the only person of mixed Black and Asian heritage on his shift, was locked into performing the heaviest and most physically demanding work available, while Black, African American, and white employees were rapidly promoted to easier positions or given lighter work assignments. Despite Plaintiff's Black heritage through his Grenadian father, he was treated as an outsider and subjected to discrimination based on his Asian heritage and mixed-race identity.

## Racial Slurs and Hostile Work Environment

39. On September 24th, 2025, a coworker shouted "Ching Chong" at Plaintiff as he was walking by, targeting Plaintiff's Asian heritage. Plaintiff ignored this racial slur.

CIVIL COMPLAINT                                                    David Henry
                                                                  Pro Se

40. On September 25th, 2025, the same coworker again called Plaintiff "Ching Chong."

41. Plaintiff found this conduct offensive, hostile, and racially motivated. On or about September 25th, 2025, Plaintiff submitted a written statement to Human Resources documenting the racial slurs and requesting investigation and remedial action. Said written statement is within Defendant's possession, custody, and control and demonstrates that Plaintiff engaged in protected activity by reporting race-based harassment.

42. Despite Plaintiff's written complaint and Defendant's legal obligation to investigate and remedy racial harassment, Defendant failed to take prompt or effective remedial action to address the hostile conduct or protect Plaintiff from further harassment.

## Unlawful Termination

43. On October 30th, 2025, approximately five weeks after Plaintiff submitted his written complaint to Human Resources regarding racial harassment, Plaintiff was involuntarily terminated from his employment with Defendant.

CIVIL COMPLAINT                                                    David Henry
                                                                  Pro Se

44. Plaintiff's termination was in direct retaliation for his repeated complaints of racial discrimination and harassment, including his written statement to Human Resources in September 2025 documenting racial slurs.

45. The temporal proximity between Plaintiff's protected activity (reporting discrimination and racial slurs) and his termination establishes a causal connection between the two.

46. Defendant's stated reasons for Plaintiff's termination, if any, are pretextual and were manufactured to conceal the true retaliatory and discriminatory motive.

---

## CLAIMS FOR RELIEF

### COUNT I: RACE DISCRIMINATION IN VIOLATION OF TITLE VII

47. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

48. Defendant discriminated against Plaintiff on the basis of his race, national origin, and mixed-race identity (Grenadian/Black/Caribbean and Korean/Asian heritage) in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

CIVIL COMPLAINT                                            David Henry
                                                          Pro Se

49. Defendant subjected Plaintiff to disparate treatment by assigning him the most physically demanding work, denying him promotions, refusing to accommodate his workplace injuries, and ultimately terminating his employment, all because of his mixed-race identity, his Asian heritage, and his status as a person who did not fit neatly into the racial categories recognized by his coworkers and supervisors.

50. Similarly situated Black, African American, and white employees, including Steven Green and newly hired employees, were treated more favorably than Plaintiff, receiving accommodations, promotions, and lighter work assignments.

51. Defendant's discriminatory conduct was intentional, willful, and in reckless disregard of Plaintiff's federally protected rights.

52. As a direct and proximate result of Defendant's unlawful discrimination, Plaintiff has suffered damages including lost wages, lost benefits, emotional distress, humiliation, and damage to his professional reputation.

## COUNT II: RETALIATION IN VIOLATION OF TITLE VII

53. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

CIVIL COMPLAINT

David Henry
Pro Se

54. Defendant retaliated against Plaintiff for engaging in protected activity in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3.

55. Plaintiff engaged in protected activity by complaining to management and Human Resources about race-based discrimination and harassment on multiple occasions between May 2025 and September 2025. Plaintiff submitted multiple written statements to HR, all of which he maintains in his possession.

56. Following Plaintiff's complaints, Defendant subjected Plaintiff to a series of adverse employment actions, including but not limited to: physical threats from supervisors, fabricated allegations designed to damage his reputation, denial of workplace injury accommodations, issuance of pretextual written warnings, denial of promotion, and ultimately wrongful termination.

57. There is a clear causal connection between Plaintiff's protected activity and the adverse employment actions taken against him, as evidenced by the temporal proximity and the escalating pattern of retaliation.

58. Defendant's retaliatory conduct was intentional, willful, and in reckless disregard of Plaintiff's federally protected rights.

CIVIL COMPLAINT                                                  David Henry
                                                                Pro Se

14

59. As a direct and proximate result of Defendant's unlawful retaliation, Plaintiff has suffered damages including lost wages, lost benefits, emotional distress, humiliation, and damage to his professional reputation.

## COUNT III: HOSTILE WORK ENVIRONMENT IN VIOLATION OF TITLE VII

60. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

61. Defendant subjected Plaintiff to a hostile work environment based on his race, national origin, and mixed-race identity in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

62. Plaintiff was subjected to severe and pervasive harassment based on his race, national origin, and mixed-race identity, including racial slurs targeting his Asian heritage ("Ching Chong"), discriminatory work assignments, false accusations of racism against African Americans despite Plaintiff's own Black heritage, physical threats, intimidation, and fabricated allegations designed to damage his reputation.

CIVIL COMPLAINT                                         David Henry
                                                        Pro Se

63. The harassment was sufficiently severe and pervasive to alter the terms and conditions of Plaintiff's employment and create an abusive working environment.

64. Defendant knew or should have known of the harassment and failed to take prompt and effective remedial action to stop it.

65. The hostile work environment was based on Plaintiff's race, national origin, and mixed-race identity and would not have occurred but for Plaintiff's protected characteristics as a person of Grenadian (Black/Caribbean) and Korean (Asian) heritage.

66. As a direct and proximate result of Defendant's maintenance of a hostile work environment, Plaintiff has suffered damages including emotional distress, humiliation, anxiety, and loss of enjoyment of life.

## COUNT IV: DEFAMATION (STATE LAW CLAIM)

67. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

68. On or about June 10th, 2025, one or more individuals made false statements to Defendant's management and Human Resources alleging that Plaintiff had made racist statements about African Americans.

CIVIL COMPLAINT                                    David Henry
                                                    Pro Se

16

69. These statements were false and defamatory and were made with knowledge of their falsity or with reckless disregard for the truth.

70. These false statements were communicated to third parties within Defendant's organization, including Human Resources personnel and supervisors.

71. These false statements damaged Plaintiff's reputation among his coworkers and supervisors and were a contributing factor to his ultimate termination.

72. As a direct and proximate result of these defamatory statements, Plaintiff has suffered damage to his personal and professional reputation, emotional distress, and economic harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant as follows:

A. Declare that Defendant's conduct violated Title VII of the Civil Rights Act of 1964;

B. Award Plaintiff compensatory damages for economic losses, including back pay, front pay, and lost benefits;

CIVIL COMPLAINT                                          David Henry
                                                        Pro Se

C. Award Plaintiff compensatory damages for non-economic losses, including emotional distress, mental anguish, humiliation, and damage to reputation;

D. Award Plaintiff punitive damages in an amount sufficient to punish Defendant and deter future discriminatory and retaliatory conduct;

E. Award Plaintiff costs and reasonable attorney's fees pursuant to 42 U.S.C. § 2000e-5(k);

F. Award pre-judgment and post-judgment interest as allowed by law; and

G. Grant such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims so triable.

Respectfully submitted this ___ day of ____January_____, 2026.

_____
David Henry

366 PO BOX

Griffin, GA 30223

470-775-7630

psycliclogistics@gmail.com
Plaintiff, Pro Se

CIVIL COMPLAINT

David Henry
Pro Se

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**Atlanta District Office**
100 Alabama Street, SW, Suite 4R30
Atlanta, GA 30303
1-800-669-4000
Website: www.eeoc.gov

## <u>DETERMINATION AND NOTICE OF RIGHTS</u>

(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 12/17/2025

**To:** David Henry
318 W Cherry St.
GRIFFIN, GA 30223
Charge No: 410-2025-11050

EEOC Representative and email:     STEPHEN MCGRUDER
INVESTIGATOR
STEPHEN.MCGRUDER@EEOC.GOV

---

### DETERMINATION AND NOTICE OF RIGHTS

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 410-2025-11050.

On behalf of the Commission,

Digitally Signed By:Darrell E. Graham
12/17/2025

Darrell E. Graham
District Director

EEOC No. 410-2025-11050 | FEPA No.

# CHARGE OF DISCRIMINATION

Form 5 (06/24)

This form is affected by the Privacy Act of 1974.
See attached Privacy Act Statement and other information before completing this form.

| **CHARGE PRESENTED TO:** | **AGENCY CHARGE NO.** |
|---|---|
| EEOC | 410-2025-11050 |

Name *(indicate Mr., Ms., Mrs., Miss, Dr., Hon., Rev.)*: David Henry

Phone No.:    470-775-7630
Year of Birth:    1986
Mailing Address: 318 W Cherry St.
GRIFFIN, GA 30223

Named below is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency that I believe discriminated against me or others.

Name: Wayfair
No. Employees, Members: 501+ Employees
Phone No.: (844) 263-4868
Mailing Address: 130 DISTRIBUTION DR
MCDONOUGH, GA 30252, UNITED STATES OF AMERICA
Name:
No. Employees, Members:
Phone No.:
Mailing Address:

DISCRIMINATION BASED ON:

National Origin

DATE(S) DISCRIMINATION TOOK PLACE

Earliest: 04/01/2025
Latest: 10/28/2025

THE PARTICULARS ARE:

I.On or about April 2025, I was hired by the above employer as an Equipment Operator. I believe that I have been treated unfairly due to my National Origin (Korean & Grenadian) and race (Asian) by my Supervisor Mr. Ernest Thomas (African American). Almost immediately upon being assigned to Mr. Thomas, I felt that I was being treated differently when work assignments were being issued. He consistently gave me more difficult work and at a greater frequency. When I was falsely accused of making a racist statement against African Americans; I was threatened and received harassment from staff in the warehouse. I was called "Ching Chong" by an unknown coworker, and I believe that I was denied a promotion due to Mr. Thomas sabotaging my work. I believe I was forced to work in a hostile work environment due to the lack of action from Human Resources. I complained to Mr. Thomas (African American), Warehouse Manager Mr. Michael Hart (African American) and Human Resource Representative Ms. Jada Mears (African American). On October 28, 2025, I was discharged by Mr. Hart (African American).

II.Mr. Hart stated that I was involuntarily discharged. Ms. Mears said that she found no evidence that I had been discriminated against. I suffered an injury due to discrimination against me and was not able to work for weeks.

III.I believe that I have been discriminated against based on my National Origin (Korean & Grenadian) and my race (Asian), in violation of Title VII of the Civil Rights Act of 1964, as amended.

EEOC No. 410-2025-11050 | FEPA No.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct, and that I have read each page of this form.

Digitally Signed By: David Henry

11/24/2025
_____

Charging Party Signature & Date

If a state or local Fair Employment Practices Agency (FEPA) requires notarization, you may need to sign the charge in the presence of a notary. If so, please do so here.

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information, and belief.

_____

Notarized Signature of Charging Party

Subscribed and sworn to before me this date:

Signature of Notary_____

Printed Name _____